UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PRITCHARD,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SHARKNINJA OPERATING, LLC,<br><br>　　　　　　　　　　　Defendant. | Case No.: 3:22-cv-00316-AJB-AHG<br><br>**ORDER GRANTING JOINT MOTION TO AMEND SCHEDULING ORDER, SUA SPONTE EXTENDING REMAINING DATES IN THE CASE SCHEDULE, AND ISSUING SECOND AMENDED SCHEDULING ORDER**<br><br>**[ECF No. 17]** |

　　　Before the Court is the parties' Joint Motion to Amend the Scheduling Order. ECF No. 17. The parties request that the Court extend certain deadlines in the case schedule by approximately three weeks. *Id.* at 2. However, they ask that all remaining pretrial dates in the case schedule following the pretrial motions filing deadline remain in place as previously set in the Court's operative First Amended Scheduling Order (ECF No. 14).

　　　Under Fed. R. Civ. P 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence

of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16, advisory committee's notes to 1983 amendment. Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Merck v. Swift Transp. Co.*, No. CV-16-01103-PHX-ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018).

Here, the parties explain that despite working diligently to complete written discovery, take Plaintiff's deposition, and inspect Plaintiff's pressure cooker, the parties have not been able to complete the 30(b)(6) deposition. ECF No. 17 at 3–4. Due to difficulties with holiday scheduling, the parties are working together to reschedule the 30(b)(6) deposition for a mutually convenient date in January. *Id*. As a result, the parties also need additional time to finalize their expert reports. *Id*. at 4. Thus, the parties seek a three-week extension of the fact discovery cutoff, expert disclosure and reports deadline, rebuttal expert disclosure and reports deadline, expert discovery cutoff, and pretrial motion filing deadline. *Id*. at 2.

Good cause appearing, the Court **GRANTS** the parties' Joint Motion (ECF No. 17). However, although the parties did not request a continuance of the Pretrial Conference or any other pretrial dates following the pretrial motions filing deadline, the Court finds it appropriate to *sua sponte* extend the remaining deadlines in the case schedule for purposes of efficient case management. Accordingly, the dates in the case schedule are hereby **RESET** as follows:

1. All fact discovery shall be completed by all parties by **February 10, 2023**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of

Civil Procedure.  **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a). A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.** The Court expects counsel to make every effort to resolve all disputes without court intervention through the meet and confer process.  If the parties reach an impasse on any discovery issue, the movant must e-mail chambers at efile_goddard@casd.uscourts.gov no later than 45 days after the date of service of the written discovery response that is in dispute, seeking a telephonic conference with the Court to discuss the discovery dispute. The email must include: (1) at least three proposed times mutually agreed upon by the parties for the telephonic conference; (2) a neutral statement of the dispute; and (3) one sentence describing (not arguing) each parties' position. The movant must copy opposing counsel on the email. No discovery motion may be filed until the Court has conducted its pre-motion telephonic conference, unless the movant has obtained leave of Court. **All parties are ordered to read and to fully comply with the Chambers Rules of Magistrate Judge Allison H. Goddard.**

2. The parties must disclose the identity of their respective experts in writing by **January 20, 2023**.  The date for the disclosure of the identity of rebuttal experts must be on or before **February 3, 2023**.  The written designations must include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list must also include the normal rates the expert charges for deposition and trial testimony.  **The parties must identify <u>any</u> person who may be used at trial to present evidence pursuant to Fed. R. Evid. 702, 703 and 705, respectively. This requirement is not limited to retained experts.**

3. On or before **January 20, 2023**, each party must comply with the disclosure provisions in Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. **This disclosure requirement applies to all persons retained or specifically employed to provide expert testimony or whose duties as an employee of the part regularly involve the giving of**

1 | **expert testimony.**

2 |     4.    Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(c) by **February 3, 2023**.

    **5.    Please be advised that failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37 including a prohibition on the introduction of experts or other designated matters in evidence.**

    6.    All expert discovery must be completed by all parties on or before **March 6, 2023**. The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

    7.    A Mandatory Settlement Conference shall be conducted on **April 27, 2023** at **2:00 p.m.** in the chambers of **Magistrate Judge Allison H. Goddard**. Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **April 6, 2023**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court. Counsel for the parties must meet and confer in person or by phone no later than **April 13, 2023**. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **April 21, 2023**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf). Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **April 21, 2023**. The Letter must be lodged in .pdf format via email to

efile_goddard@casd.uscourts.gov (not filed).  Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules.  **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard.**

8. All other dispositive motions, *including those addressing Daubert issues*, must be filed on or before **March 24, 2023**.  Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  Motions in Limine are to be filed as directed in the Local Rules, or as otherwise set by Judge Battaglia.

9. Counsel must comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before **June 29, 2023**.

10. This order replaces the requirements under Civ. L. R. 16.1.f.6.c.  No Memoranda of Law or Contentions of Fact are to be filed.

11. The parties must meet and confer on or before **July 6, 2023** and prepare a proposed pretrial order in the form as set forth in Civ. L. R. 16.1.f.6.

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order.  The court will entertain any questions concerning the conduct of the trial at the pretrial conference.

12. Objections to Pre-trial disclosures must be filed no later than **July 13, 2023**.

13. The Proposed Final Pretrial Conference Order as described above must be prepared, served and lodged with the assigned district judge on or before **July 20, 2023**.

14. The final Pretrial Conference is scheduled on the calendar of the **Honorable Anthony J. Battaglia** on **July 27, 2023** at **2:00 PM**.

15. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

16. The dates and times set forth herein will not be modified except for good cause shown.

17. Dates and times for hearings on motions must be approved by the Court's clerk before notice of hearing is served.

18. Briefs or memoranda in support of or in opposition to any pending motion must not exceed twenty-five (25) pages in length without leave of a district judge. No reply memorandum will exceed ten (10) pages without leave of a district judge. Briefs and memoranda exceeding ten (10) pages in length must have a table of contents and a table of authorities cited.

**IT IS SO ORDERED.**

Dated:  December 27, 2022

_____
Honorable Allison H. Goddard
United States Magistrate Judge